## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| JOHN DODD | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO.** _____ |
| | § | |
| SCOTTSDALE INSURANCE | § | |
| COMPANY | § | |
| | § | |
| Defendant. | § | |

### NOTICE OF REMOVAL

Defendant Scottsdale Insurance Company ("Defendant") files this Notice of Removal of the above-styled action pursuant to 28 U.S.C. §§ 1446(a) and would respectfully represent and show unto this Court the following:

#### A.  Introduction

1.      Pursuant to Local Rules 3.1 and 81.1, Defendant files its Civil Cover Sheet (Exhibit "A").

2.      On or about Septmeber 14, 2016, Plaintiff John Dodd ("Plaintiff") initiated a state court lawsuit against Defendant in the 162nd Judicial District Court of Dallas County, Texas styled *John Dodd v. Scottsdale Insurance Company*, pending as Cause No. DC-16-11813 ("the state court action"). In the state court action, Plaintiff seeks actual damages for breach of contract, damages for violation of the Texas Deceptive Trade Practices Act, and damages for violations of the Texas Insurance Code. Further, Plaintiff seeks attorneys' fees, treble damages, exemplary damages and 18% interest. *See Plaintiff's Original Petition*, attached hereto as Exhibit "B".

3.      The attorneys involved in the action being removed are listed as follows:

| Party and Party Type | Attorney(s) |
|---|---|
| John Dodd - Plaintiff | Sheldon Wayne<br>Texas Bar. No. 24098581<br>Richard D. Daly<br>Texas Bar No. 00796429<br>Daly & Black, P.C.<br>2211 Norfolk Str., Suite 800<br>Houston, Texas 77098<br>713.655.1405 -- phone<br>713.655.1587 -- fax<br>swayne@dalyblack.com<br>rdaly@dalyblack.com |
| Scottsdale Insurance<br>Company - Defendant | Randall G. Walters<br>Texas Bar No. 20819480<br>Walters, Balido & Crain, L.L.P.<br>Meadow Park Tower<br>10440 N. Central Expy, Suite 1500<br>Dallas, TX 75231<br>Telephone (214) 749-4805<br>Facsimile: (214) 760-1670<br>Randy.walters@wbclawfirm.com |

4.     The name and address of the court from which the case is being removed is as

follows:

> The Honorable Phyllis Lister Brown (deceased)(Judge Michael O'Neill presiding)
> 162nd District Court
> George L. Allen, Sr. Courts Building
> 600 Commerce Street
> Dallas, Texas 75202-4631

### B.  Notice of Removal Timely

5.     Defendant was served with process and a copy of Plaintiff's suit on October 25, 2016.

*See* Exhibit "B". Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty

(30) days after receipt by Defendant, through service or otherwise, of a copy of the initial

pleading setting forth the claim for relief upon which the action or proceeding is based.

Consequently, this Notice of Removal is timely.

### C.  Complete Diversity

6.      Pursuant to the state court action, Plaintiff John Dodd is a citizen of the State of Texas, located in Dallas County, Texas.

7.      Defendant, Scottsdale Insurance Company, was and is a company organized under the laws of the state of Ohio with its principal place of business in the State of Arizona. Scottsdale is a Citizen of the State of Ohio and Arizona, and was a citizen of these states at the time this action was filed.

8.      In light of the foregoing, the parties are of completely diverse citizenship. *See* 28 U.S.C. §§ 1332(a), 1441(b).

9.      Plaintiff's Original Petition alleges actual damages, seeks three times the amount of actual damages, and seeks attorneys' fees, interest and exemplary damages. Exhibit "B" at 5. Specifically, Plaintiff seeks an amount over $200,000.00 but not more than $1,000,000.00. *Id.*

10.     In determining the amount in controversy, the court may consider "policy limits ... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at *2-*3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et al.*, 75 F.Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exchange*, 844 F.Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought, and the

presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

11.     Plaintiff's claims are centered on Scottsdale's alleged failure to pay the proceeds of Plaintiff's policy for damages to Plaintiff's property. Plaintiff's total policy limits of insurance on its property greatly exceeds $75,000. Further, Plaintiff, as stated in his Original Petition, seek damages for breach of contract, violations of the Texas Insurance Code, the Texas Deceptive Trade Practices Act as well as pre-judgment interest, post-judgment interest, court costs, attorneys' fees and penalties, including statutory treble damages and exemplary damages.

12.     A court can determine that removal is proper from a plaintiff's pleadings if plaintiff's claims are those that are likely to exceed the jurisdictional amount. *See Allen v. R&H Oil & Gas., Co,* 63 F.3d 1326, 1335 (5th Cir. 1995); *De Aguilar v. Boeing Co.,* 11 F.3d 55, 57 (5th Cir. 1993). Only "expenses and costs" are excluded from the calculation of the matter in controversy. 28 U.S.C. § 1332(a). Attorney's fees are an element of the amount in controversy where their recovery is authorized by a statute under which the plaintiff sues. *H&D Tire & Auto. Hardware, Inc. v. Pitney Bowes, Inc.,* 227 F.3d 326, 330 (5th Cir. 2000), cert. denied, 534 U.S. 894 (2001).

13.     Plaintiff even specifically stated in his Original Petition that he seeks monetary relief of over $200,000 but not more than $1,000,000.00. Exhibit "B" at 2. Therefore, the amount in controversy in this case exceeds the jurisdictional requirements. *Id.*

### D.  All Pleadings of State Court Action Attached As Exhibits

14.     Copies of all pleadings, process, orders, and other filings in the state court action are attached to this notice as required by 28 U.S.C. § 1446(a). *See* Exhibit "C".

### E.  Basis for Removal

15.    Because this is a civil action of which the District Courts of the United States have original jurisdiction, this case may be removed by this Court pursuant to 28 U.S.C. § 1446(b). Further, because Plaintiff is a citizen and resident of Texas, Defendant is a citizen of Ohio and Arizona; and the amount in controversy exceeds $75,000, the Court has subject matter jurisdiction based on diversity of citizenship and residency. 28 U.S.C. § 1132. As such, this removal action is proper.

### F.  Venue

16.    Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place where the removed action has been pending.

### G.  Filing of Notice with State Court

17.    Promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through his attorney of record and to the clerk of the state court.

### H. Defendant's Demand for Jury Trial

18.    Defendant demanded jury trial in Original Answer. Defendant also asserts its rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

### PRAYER

19.    WHEREFORE, PREMISES CONSIDERED, Defendant Scottsdale Insurance Company requests that this Court proceed with the handling of this cause as if it had been originally filed herein, that this Court make such orders, if any, and take such action, if any, as may be necessary in connection with the removal of the state court action to this Court, and that they have such other and further relief to which they may show themselves entitled.

Respectfully submitted,

**WALTERS, BALIDO & CRAIN, L.L.P.**

BY:    */s/ Randall G. Walters*
        RANDALL G. WALTERS - 20819480
        Meadow Park Tower
        10440 N. Central Expy, Suite 1500
        Dallas, Texas 75231
        214/347-8381  - FAX
        214/347-8380 - DIRECT
        214/749-4805 - MAIN
        Email: randy.walters@wbclawfirm.com
        **ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that on the 3rd day of November, 2016, a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

        */s/ Randall G. Walters*
        RANDALL G. WALTERS

# Exhibit "A"

JS 44   (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
John Dodd

## DEFENDANTS
Scottsdale Insurance Company

**(b)** County of Residence of First Listed Plaintiff   Dallas County, Texas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Maricopa County, Arizona
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sheldon Wayne of Daly & Black, PC
2211 Norfolk St., Suite 800
Houston, Texas 77098

Attorneys *(If Known)*
Randall G. Walters of Walters, Balido & Crain
10440 North Central Expressway, Suite 1500
Dallas, Texas 75231

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☐ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☒ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                     *and One Box for Defendant)*

|                          | PTF | DEF |                                                              | PTF | DEF |
|--------------------------|-----|-----|--------------------------------------------------------------|-----|-----|
| Citizen of This State    | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State   | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation                                | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|----------|-------|--|--------------------|------------|----------------|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | **SOCIAL SECURITY** | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332
Brief description of cause:
Breach of Contract, DTPA, and Insurance Code Violations

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
11/04/2016

SIGNATURE OF ATTORNEY OF RECORD
/s/RANDALL G. WALTERS

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# Exhibit "B"



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

TRL / ALL
Transmittal Number: 15789541
Date Processed: 10/25/2016

| Primary Contact: | Service Process Team 3-11-309<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| --- | --- |
| Electronic copy provided to: | Cassandra Struble<br>Rebecca Lewis<br>Kevin Jones |

| | |
| --- | --- |
| Entity: | Scottsdale Insurance Company<br>Entity ID Number  3286058 |
| Entity Served: | Scottsdale Insurance Company |
| Title of Action: | John Dodd vs. Scottsdale Insurance Company |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Contract |
| Court/Agency: | Dallas County District Court, Texas |
| Case/Reference No: | DC-16-11813 |
| Jurisdiction Served: | Ohio |
| Date Served on CSC: | 10/25/2016 |
| Answer or Appearance Due: | 10:00 am Monday next following the expiration of 20 days after service |
| Originally Served On: | Scottsdale Insurance Company |
| How Served: | Client Direct |
| Sender Information: | Daly & Black, P.C.<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com

**TEXAS DEPARTMENT OF INSURANCE**

General Counsel Division (113-2A)
333 Guadalupe, Austin, Texas 78701 ★ PO Box 149104, Austin, Texas 78714-9104
(512) 676-6585 | F: (512) 490-1064 | (800) 578-4677 | TDI.texas.gov | @TexasTDI

October 18, 2016

**Certified Mail No. 7015 0640 0002 0960 5825**
**Return Receipt Requested**

Scottsdale Insurance Company
ATTN: R. Lindsey McCutchan
Vice-Pres.-Legal & Asst. Secretary
8877 N. Gainey Center Drive
Scottsdale, AZ  85258

Re:   Cause No. DC-16-11813; styled *John Dodd vs. Scottsdale Insurance Company;* in the 162nd
      Judicial District Court, Dallas County, Texas

Greetings:

Service of Process has been requested through the Commissioner of Insurance.  Enclosed
please find citation and Plaintiff's Original Petition, Interrogatories, Request for Production and
Request for Admissions in the above-referenced matter.  These documents were served upon
the Commissioner of Insurance on October 12, 2016.

Sincerely,

*Tish Wilhelm*

Tish Wilhelm
General Counsel Division
(512) 676-6543

Enclosure

FORM NO. 353-4—CITATION                                                    ATTY (COI)
~~THE STATE OF TEXAS~~

To:   SCOTTSDALE INSURANCE COMPANY                              CITATION
      BY SERVING THE COMMISSIONER OF INSURANCE
      333 GUADALUPE
      AUSTIN, TX 78701                                   ┌─────────────────────────┐
                                                         │  No.: DC-16-11813        │
                                                         └─────────────────────────┘
      SCOTTSDALE INSURANCE COMPANY
      8877 NORTH GAINEY CENTER DRIVE                           JOHN DODD
      SCOTTSDALE, AZ 85258                                        VS.
                                                      SCOTTSDALE INSURANCE COMPANY

GREETINGS:                                                         ISSUED
  You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with The    ON THIS THE 16TH DAY OF
  clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after    SEPTEMBER, 2016
  you were served this citation and petition, a default judgment may be taken against you.Your answer should be
  addressed to the clerk of the **162nd District Court at 600 Commerce Street, Dallas, Texas 75202.**
                                                         FELICIA PITRE
Said **PLAINTIFF** being **JOHN DODD**                   Clerk District Courts,
                                                         Dallas County, Texas
Filed in said Court 14th day of September, 2016 against
**SCOTTSDALE INSURANCE COMPANY**
                                                         By **DAMARCUS OFFORD**, Deputy
  For suit, said suit being numbered  **DC-16-11813**  the nature of which demand is as follows:  ─────────────────────────────
  Suit On  **CNTR CNSMR COM DEBT** etc.                  Attorney for : Plaintiff
as shown on said petition **REQUEST FOR DISCLOSURE, REQUEST FOR ADMISSIONS, REQUEST FOR**    **SHELTON P WAYNE**
**PRODUCTION AND REQUEST INTERROGATORIES**, a copy of which accompanies this citation. If this    **DALY & BLACK PC**
citation is not served, it shall be returned unexecuted.    **2211 NORFOLK ST SUITE 800**
                                                         **HOUSTON TX 77098**
WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.    **SWAYNE@DALYBLACK.COM**
  Given under my hand and the Seal of said Court at office **on this the 16th day of September, 2016**    **7136551405**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

      By _____ , Deputy
            **DAMARCUS OFFORD**

                                                         DALLAS COUNTY CONSTABLE
                                                              FEES          FEES NOT
                                                              PAID           PAID

                                                         10252016   14:35

**OFFICER'S RETURN**
**FOR INDIVIDUALS**

Cause No. DC-16-11813

Court No: 162nd District Court

Style: JOHN DODD
vs.
SCOTTSDALE INSURANCE COMPANY

Received this Citation the _____ day of _____, 20____ at _____ o'clock. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20____, at _____ o'clock, by delivering to the within named _____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

**OFFICER'S RETURN**
**FOR CORPORATIONS**

Received this Citation the _____ day of _____, 20____ at _____ o'clock ____.M. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20____, at _____ o'clock ____.M. by summoning the within named Corporation, _____ by delivering to _____ _____ President - Vice President - Registered Agent - in person, of the said

_____ a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:     To certify which witness by my hand.

| | | | |
|---|---|---|---|
| For Serving Citation | $_____ | Sheriff | _____ |
| For Mileage | $_____ | County of | _____ |
| For Notary | $_____ | State of | _____ |
| Total Fees | $_____ | By | _____ |

(Must be verified if served outside the State of Texas)
State of _____
County of _____
Signed and sworn to me by the said _____ before me this _____
day of _____, 20____, to certify which witness my hand and seal of office.

Seal                                                                State & County of _____

10252016   14:35

1-CIT COI

FILED
DALLAS COUNTY
9/14/2016 4:01:55 PM
FELICIA PITRE
DISTRICT CLERK

Tonya Pointer

CAUSE NO. DC-16-11813

| | | |
|---|---|---|
| JOHN DODD, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | DALLAS COUNTY, TEXAS |
| | § | |
| SCOTTSDALE INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |
| | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

John Dodd ("Mr. Dodd"), Plaintiff herein, files this Original Petition against Defendant Scottsdale Insurance Company ("Scottsdale") and, in support of his causes of action, would respectfully show the Court the following:

### I.
### THE PARTIES

1.      John Dodd is a Texas resident who resides in Dallas County, Texas.

2.      Scottsdale is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, Texas Department of Insurance, at P. O. Box 149104, Austin, TX 78714-9104. The Texas Department of Insurance should then forward the citation to Scottsdale Insurance Company, via certified mail, to 8877 North Gainey Center Drive, Scottsdale, AZ 85258.

### II.
### DISCOVERY

3.      This case is intended to be governed by Discovery Level 2.

### III.
### CLAIM FOR RELIEF

4.      The damages sought are within the jurisdictional limits of this court. Plaintiff currently seeks monetary relief over $200,000, but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

### IV.
### JURISDICTION AND VENUE

5.      This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

6.      Venue is proper in Dallas County because all or a substantial part of the events or omissions giving rise to the claim occurred in Dallas County. TEX. CIV. PRAC & REM CODE § 15.002(a)(1). In particular, the loss at issue occurred in Dallas County.

### V.
### FACTUAL BACKGROUND

7.      Mr. Dodd is a named insured under a property insurance policy issued by Scottsdale.

8.      On or about October 23, 2015 a storm hit the Dallas, Texas area, damaging Mr. Dodd's office building and other property. Mr. Dodd subsequently filed a claim on his insurance policy.

9.      Defendant improperly denied and/or underpaid the claim.

10.     The adjuster assigned to the claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection.

11.     This unreasonable investigation led to the underpayment of Plaintiff's claim.

2

12.     Moreover, Scottsdale performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI.
## CAUSES OF ACTION

13.     Each of the foregoing paragraphs is incorporated by reference in the following:

**A.     Breach of Contract**

14.     Scottsdale had a contract of insurance with Plaintiff.  Scottsdale breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**B.     Prompt Payment of Claims Statute**

15.     The failure of Scottsdale to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

16.     Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C.     Bad Faith/Deceptive Trade Practices Act ("DTPA")**

17.     Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

18.     Defendant violated Section 541.051 of the Texas Insurance Code by:

        (1)     making statements misrepresenting the terms and/or benefits of the policy.

19.     Defendant violated Section 541.060 by:

        (1)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

3

    (2)      failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

    (3)      failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

    (4)      failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

    (5)      refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

20.    Defendant violated Section 541.061 by:

    (1)      making an untrue statement of material fact;

    (2)      failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

    (3)      making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

    (4)      making a material misstatement of law; and

    (5)      failing to disclose a matter required by law to be disclosed.

21.    At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

22.    Defendant has violated the Texas DTPA in the following respects:

4

(1)    Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2)    Scottsdale failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3)    Scottsdale, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by Section 17.50(a)(1)(3) of the DTPA in that Scottsdale took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

23.    Defendant knowingly committed the acts complained of.  As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

**D.    Attorneys' Fees**

24.    Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

5

25.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because he is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

26.     Plaintiff further prays that he be awarded all reasonable attorneys' fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## VII.
## CONDITIONS PRECEDENT

27.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

## VIII.
## DISCOVERY REQUESTS

28.     Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

29.     You are also requested to respond to the attached interrogatories, requests for production, and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, John Dodd prays that, upon final hearing of the case, he recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Mr. Dodd be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and

further relief, general or special, at law or in equity, to which Mr. Dodd may show himself to be

justly entitled.

Respectfully submitted,

DALY & BLACK, P.C.

By: _/s/ Sheldon Wayne_____
        Richard D. Daly
        TBA No. 00796429
        rdaly@dalyblack.com
        ecfs@dalyblack.com
        Sheldon Wayne
        TBA No. 24098581
        swayne@dalyblack.com
        2211 Norfolk St., Suite 800
        Houston, Texas 77098
        713.655.1405—Telephone
        713.655.1587—Fax

**ATTORNEYS FOR PLAINTIFF**
**JOHN DODD**

7

**PLAINTIFF'S FIRST SET OF INTERROGATORIES,
REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS**

COMES NOW Plaintiff in the above-styled and numbered cause, and requests that

Defendant (1) answer the following discovery requests separately and fully in writing under oath

within 30 days of service (or within 50 days of service if the discovery was served prior to the

date an answer is due); (2) produce responsive documents to the undersigned counsel within the

same time period; and (3) serve its answers to these discovery requests within the same time

period to Plaintiff by and through his attorneys of record: Richard D. Daly, John Black, Ana M.

Ene and William X. King, Daly & Black, P.C, 2211 Norfolk St, Suite 800, Houston, Texas

77098.

Respectfully submitted,

**DALY & BLACK, P.C.**

By:   /s/ Sheldon Wayne
      Richard D. Daly
      TBA No. 00796429
      rdaly@dalyblack.com
      ecfs@dalyblack.com
      Sheldon Wayne
      TBA No. 24098581
      swayne@dalyblack.com
      2211 Norfolk St., Suite 800
      Houston, Texas 77098
      713.655.1405—Telephone
      713.655.1587—Fax

**ATTORNEYS FOR PLAINTIFF
JOHN DODD**

1

### CERTIFICATE OF SERVICE

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition. Therefore, Defendant would have received it when it was served with the citation.

/s/ Sheldon Wayne
Sheldon Wayne

## INSTRUCTIONS

A.  These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.  Pursuant to the applicable rules of civil procedure, produce all documents responsive to these Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within the time period set forth above at Daly & Black, P.C.

C.  If you claim that any document or information which is required to be identified or produced by you in any response is privileged, produce a privilege log according to the applicable rules of civil procedure.

    1.  Identify the document's title and general subject matter;
    2.  State its date;
    3.  Identify all persons who participated in its preparation;
    4.  Identify the persons for whom it was prepared or to whom it was sent;
    5.  State the nature of the privilege claimed; and
    6.  State in detail each and every fact upon which you base your claim for privilege.

D.  If you claim that any part or portion of a document contains privileged information, redact only the part(s) or portion(s) of the document you claim to be privileged.

E.  If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

F.  You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

    1.  You know the response made was incorrect or incomplete when made; or
    2.  You know the response, though correct and complete when made, is no longer true and complete, and the circumstances

3

## DEFINITIONS

A.     **"Defendant," "You," "Your(s),"** refers to Scottsdale Insurance Company, its agents, representatives, employees and any other entity or person acting on its behalf.

B.     **"Plaintiff"** refers to the named Plaintiff in the above-captioned suit.

C.     **"The Property(ies)"** refers to the property or properties located at the address(es) covered by the Policy.

D.     **"The Policy"** refers to the policy issued to Plaintiff by the insurer and at issue in this lawsuit.

E.     **"The Claim(s)"** means the claim for insurance benefits submitted by Plaintiff and at issue in this lawsuit, or in a prior claim, as the context may dictate.

F.     **"Date of Loss"** refers to the date(s) of loss identified in Plaintiff's live petition/complaint or other written or oral notice, or otherwise assigned to the claim by the insurer.

G.     **"Handle"** or **"Handled"** means investigating, adjusting, supervising, estimating, managing, settling, approving, supplying information or otherwise performing a task or work with respect to the claim(s) at issue in this lawsuit, excluding purely ministerial or clerical tasks.

H.     **"Lawsuit"** refers to the above styled and captioned case.

I.     **"Communication"** or **"communications"** shall mean and refer to the transmission or exchange of information, either orally or in writing, and includes without limitation any conversation, letter, handwritten notes, memorandum, inter or intraoffice correspondence, electronic mail, text messages, or any other electronic transmission, telephone call, telegraph, telex telecopy, facsimile, cable, conference, tape recording, video recording, digital recording, discussion, or face-to-face communication.

J.     The term **"Document"** shall mean all tangible things and data, however stored, as set forth in the applicable rules of civil procedure, including, but not limited to all original writings of any nature whatsoever, all prior drafts, all identical copies, all nonidentical copies, correspondence, notes, letters, memoranda of. telephone conversations, telephone messages or call slips, interoffice memoranda, intraoffice memoranda, client conference reports, files, agreements, contracts, evaluations, analyses, records, photographs sketches, slides, tape recordings, microfiche, communications, printouts, reports, invoices, receipts, vouchers, profit and loss statements, accounting ledgers, loan documents, liens, books of accounting, books of operation, bank statements, cancelled checks, leases, bills of sale, maps, prints, insurance policies, appraisals, listing agreements, real estate closing documents, studies, summaries, minutes, notes, agendas, bulletins, schedules, diaries, calendars,

4

logs, announcements, instructions, charts, manuals, brochures, schedules, price lists, telegrams, teletypes, photographic matter, sound reproductions, however recorded, whether still on tape or transcribed to writing, computer tapes, diskettes, disks, all other methods or means of storing data, and any other documents. In all cases where originals, prior drafts, identical copies, or nonidentical copies are not available; "document" also means genuine, true and correct photo or other copies of originals, prior drafts, identical copies, or nonidentical copies. "Document" also refers to any other material, including without limitation, any tape, computer program or electronic data storage facility in or on which any data or information has been written or printed or has been temporarily or permanently recorded by mechanical, photographic, magnetic, electronic or other means, and including any materials in or on which data or information has been recorded in a manner which renders in unintelligible without machine processing.

K.     The term **"referring"** or **"relating"** shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

L.     The singular and masculine form of any noun or pronoun includes the plural, the feminine, and the neuter.

M.     The terms **"identification,"** **"identify,"** and **"identity"** when used in reference to:

1.  **Natural Persons:** Means to state his or her full name, residential address, present or last known business address and telephone number, and present or last known position and business affiliation with you;
2.  **Corporate Entities:** Means to state its full name and any other names under which it does business, its form or organization, its state of incorporation, its present or last known address, and the identity of the officers or other persons who own, operate, or control the entity;
3.  **Documents:** Means you must state the number of pages and nature of the document (e.g. letter or memorandum), its title, its date, the name or names of its authors and recipients, its present location and custodian, and if any such document was, but no longer is, in your possession or control, state what disposition was made of it, the date thereof, and the persons responsible for making the decision as to such disposition;
4.  **Communication:** Requires you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication and, to the extent that the communication was non-written, to identify each person participating in the communication and to state the date, manner, place, and substance of the communication; and
5.  **Activity:** Requires you to provide a description of each action, occurrence, transaction or conduct, the date it occurred, the location at which it occurred, and the identity of all persons involved.

N.     The term **"Claim File"** means the claim files and "field file(s)," whether kept in paper or electronic format, including but not limited to all documents, file jackets, file notes, claims diary or journal entries, log notes, handwritten notes, records of oral

communications, communications, correspondence, photographs, diagrams, estimates, reports, recommendations, invoices, memoranda and drafts of documents regarding the Claim.

O.     The term **"Underwriting File"** means the entire file, including all documents and information used for underwriting purposes even if you did not rely on such documents or information in order to make a decision regarding insuring Plaintiff's Property.

## NOTICE OF AUTHENTICATION

You are advised that pursuant to Tex. R. Civ. P. 193.7, Plaintiff intends to use all documents exchanged and produced between the parties, including but not limited to correspondence and discovery responses during the trial of the above-entitled and numbered cause.

## INTERROGATORIES TO DEFENDANT SCOTTSDALE

**INTERROGATORY NO. 1:**
Identify all persons answering or supplying any information in answering these interrogatories.

    **ANSWER:**

**INTERROGATORY NO. 2:**
Identify all persons who were involved in evaluating Plaintiff's claim and provide the following information for each person you identify:

    a.    their name and job title(s) as of the Date of Loss;
    b.    their employer; and
    c.    description of their involvement with Plaintiff's Claim.

    **ANSWER:**

**INTERROGATORY NO. 3:**
If you contend that the some or all of the damages to the Property were not covered losses under the Policy, describe:

    a.    the scope, cause and origin of the damages you contend are not covered losses under the Policy; and
    b.    the term(s) or exclusion(s) of the Policy you relied upon in support of your decision regarding the Claim.

    **ANSWER:**

**INTERROGATORY NO. 4:**
State whether the initial estimate you issued was revised or reconciled, and if so, state what was changed and who did it.

    **ANSWER:**

**INTERROGATORY NO. 5:**
If you contend that Plaintiff did not provide you with requested information that was required to properly evaluate Plaintiff's Claim, identify the information that was requested and not provided, and the dates you made those request(s).

    **ANSWER:**

**INTERROGATORY NO. 6:**
If you contend that Plaintiff's acts or omissions voided, nullified, waived or breached the Policy in any way, state the factual basis for your contention(s).

    **ANSWER:**

**INTERROGATORY NO. 7:**

If you contend that Plaintiff failed to satisfy a condition precedent or covenant of the Policy in any way, state the factual basis for your contention(s).

    **ANSWER:**

**INTERROGATORY NO. 8:**

Identify the date you first anticipated litigation.

    **ANSWER:**

**INTERROGATORY NO. 9:**

State the factual basis for each of your affirmative defenses.

    **ANSWER:**

**INTERROGATORY NO. 10:**

If you contend that Plaintiff failed to provide proper notice of the claim made the basis of this lawsuit, describe how the notice was deficient, and identify any resulting prejudice.

    **ANSWER:**

**INTERROGATORY NO. 11:**

If you contend that Plaintiff failed to mitigate damages, describe how Plaintiff failed to do so, and identify any resulting prejudice.

    **ANSWER:**

**INTERROGATORY NO. 12:**

Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

    **ANSWER:**

## REQUEST FOR PRODUCTION TO DEFENDANT SCOTTSDALE

### REQUEST FOR PRODUCTION NO. 1
Produce a certified copy of all Policies you issued to Plaintiff for the Property that were in effect on the Date of Loss.

**RESPONSE:**

### REQUEST FOR PRODUCTION NO. 2
If you contend that any prior claims Plaintiff submitted for damages to the Property affected your decision in relation to the Claim at issue, produce a certified copy of all policies you issued to Plaintiff for the Property that were in effect during the handling of those claim(s).

**RESPONSE:**

### REQUEST FOR PRODUCTION NO. 3
Produce a copy of the declarations pages you issued for the Property in the three (3) years preceding the Date of Loss.

**RESPONSE:**

### REQUEST FOR PRODUCTION NO. 4
Produce your complete Underwriting File for Plaintiff's policy of insurance with you.

**RESPONSE:**

### REQUEST FOR PRODUCTION NO. 5
Produce the complete Claim File including all documents and communications regarding the Claim.

**RESPONSE:**

### REQUEST FOR PRODUCTION NO. 6
Produce the Claim Files regarding the Claim of any third-party you hired and/or retained to investigate, consult on, handle and/or adjust the Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7**
If you contend that any prior claims Plaintiff submitted for damages to the Property affected your decision in relation to the Claim at issue, produce the complete Claim File regarding those prior claim(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8**
Produce all documents Plaintiff (or any other person) provided to you related to the Claim or the Property.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9**
Produce all documents you provided to Plaintiff (or any other person) related to the Claim or the Property.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10**
Produce all documents (including reports, surveys, appraisals, damage estimates, proof of loss, or adjuster's report(s)) referring to the Claim, the Property or damage to the Property.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11**
Produce color copies of all visual reproductions of the Property taken either prior to, at the time of, or after the Date of Loss (including diagrams, drawings, photographs, video records, videotapes, or other information).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12**
The file from the office of Plaintiff's insurance agent concerning Plaintiff's Property.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13**
Produce all communications between any of your claims personnel, claims handlers, field adjusters, office adjusters, and their direct or indirect supervisors related to the investigation, handling, and settlement of Plaintiff's Claim.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14**
Produce all written communications you sent to, or received from, any independent adjusters, engineers, contractors, estimators, consultants or other third-parties who participated in investigating, handling, consulting on, and/or adjusting Plaintiff's Claim.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15**
Produce all written and/or electronic communications you sent to, or received from, Plaintiff's insurance agent related to the Claim, the Property, the Plaintiff or this Lawsuit.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16**
Produce all written and/or electronic communications you sent to, or received from, any local, state, or governmental entity related to the Claim, the Property, the Plaintiff or this Lawsuit.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17**
Produce all written and/or electronic communications you sent to, or received, from Plaintiff and/or any other named insured on the Policy related to the Claim, the Property, or this Lawsuit.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18**
Produce the personnel file for anyone you (or an adjusting firm) assigned to participate in evaluating damage to Plaintiff's Property, including performance reviews/evaluations. This request is limited to the three (3) years prior to the Date of Loss and one (1) year after the Date of Loss.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19**
Produce your claim handling manual(s) (including operating guidelines) in effect on the Date of Loss related to your claims practices, procedures and standards for property losses and/or wind and hail storm claims, for persons handling claims on your behalf.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20**
Produce your property claims training manual and materials in effect on the Date of Loss, for persons handling, investigating and adjusting claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21**
Produce all bulletins, notices, directives, memoranda, internal newsletters, publications, letters and alerts directed to all persons acting on your behalf that were issued from six (6) months before and after the Date of Loss related to the handling of wind or hail storm claims in connection with the storm at issue.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22**
Produce the contract(s), agreement(s) and/or written understanding(s) with any independent adjusters or adjusting firms who you retained to investigate, handle and/or adjust Plaintiff's Claim on your behalf that were in effect on the Date of Loss.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23**
Produce the contract(s), agreement(s) and/or written understanding(s) with any engineers and/or engineering firms you retained to investigate, handle and/or adjust Plaintiff's Claim on your behalf that were in effect at the time of his/her investigation, handling and/or adjustment of Plaintiff's claim, either pre or post-lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24**
Produce the "Pay sheet," "Payment Log," or list of payments made on Plaintiff's Claim, including all indemnity, claim expenses and payments made to third-parties.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25**
Produce all billing statements, including billing detail, showing the amounts you paid or for which you were billed by any independent adjusters or adjusting firms who inspected Plaintiff's Property in connection with the Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26**
Produce all billing detail showing the amounts you paid or for which you were billed by any engineer and/or engineering firm who inspected Plaintiff's Property in connection with the Claim, whether pre or post-lawsuit.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27**
Produce all estimates, reports or memoranda, including drafts of the same, created for you or by any independent adjusters or adjusting firms in connection with the Claim.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28**
Produce all estimates, reports, or memoranda, including drafts of the same, created for you by any engineers and/or engineering firms in connection with the Claim.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29**
Produce all statements given by anyone, oral or written, to you or any of your agents, related to Plaintiff's Claim and/or any issue in Plaintiff's live petition

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30**
Pursuant to the applicable rules of evidence, produce all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31**
Produce all documents you identified, referred to, or relied upon in answering Plaintiff's interrogatories.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32**
Produce all non-privileged documents you identified, referred to, or relied upon in developing, answering and/or formulating your Answer and/or Affirmative Defenses to Plaintiff's live petition.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33**
Produce copies of all documents you intend to offer as evidence at the trial of this matter.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34**
Produce copies of all documents relating to your declaration of the storm alleged to have caused damage to Plaintiff's Property as a "catastrophe."

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35**
Produce copies of your engagement letter/fee agreement between you (or whatever entity or person is paying your attorney's fee bills) and your attorneys in this matter.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36**
Produce copies of your attorney's[s'] fee bills in this matter.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37**
If this claim involves reinsurance, produce copies of the policy or agreement pertaining to that reinsurance.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38**
If an attorney was involved in evaluating payment or coverage of Plaintiff's Claim pre-suit, provide all documents relating to that evaluation or recommendation.

   **RESPONSE:**

14

### REQUEST FOR ADMISSIONS TO DEFENDANT SCOTTSDALE

**REQUEST FOR ADMISSION NO. 1:**
Admit that on Date of Loss the Property sustained damages caused by a windstorm.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:**
Admit that on Date of Loss the Property sustained damages caused by a hailstorm

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:**
Admit that as of the Date of Loss the Policy was in full force and effect.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**
Admit that as of the Date of Loss all premiums were fully satisfied under the Policy.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:**
Admit that the Policy is a replacement cost value policy.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:**
Admit that the Policy is an actual cash value policy.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:**
Admit that aside from the Claim at issue, Plaintiff has never previously submitted a claim to you for damage to the Property.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:**
Admit that you did not request a Sworn Proof of Loss from Plaintiff in connection with the Claim at issue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**
Admit that you did not request a Sworn Proof of Loss from any other named insured on the Policy in connection with the Claim at issue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**
Admit that Plaintiff timely submitted the Claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**
Admit that your decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the basis that third parties were responsible for causing damages to the Property.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:**
Admit that Defendant's decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the basis that the claimed damages are not covered by the Policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:**
Admit that Defendant's decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the timeliness of the Claim's submission.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:**
Admit that you depreciated the costs of labor when determining the actual cash value of the Claim at issue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:**
Admit that the adjuster assigned to investigate the Claim did not review the underwriting file at any time during the adjustment of the Claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:**
Admit that the Claim was reviewed by persons other than people who actually inspected the Property.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:**
Admit that you reinsured the risk under Plaintiff's Policy.

**RESPONSE:**



**Texas Department of Insurance**
333 Guadalupe St. • P.O. Box 149104, Austin, Texas 78714-9104
www.tdi.texas.gov

OFFICIAL BUSINESS
STATE OF TEXAS
PENALTY FOR PRIVATE USE

**RETURN SERVICE REQUESTED**



Scottsdale Insurance Company
ATTN: R. Lindsey McCutchan
Vice-Pres.-Legal & Asst. Secretary
8877 N. Gainey Center Drive
Scottsdale, AZ  85258

10252016  14:36

# Exhibit "C"

FILED
DALLAS COUNTY
9/14/2016 4:01:55 PM
FELICIA PITRE
DISTRICT CLERK

Tonya Pointer

1-CIT COI

CAUSE NO. DC-16-11813

| | | |
|---|---|---|
| JOHN DODD, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | DALLAS COUNTY, TEXAS |
| | § | |
| SCOTTSDALE INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |
| | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

John Dodd ("Mr. Dodd"), Plaintiff herein, files this Original Petition against Defendant Scottsdale Insurance Company ("Scottsdale") and, in support of his causes of action, would respectfully show the Court the following:

### I.
### THE PARTIES

1.      John Dodd is a Texas resident who resides in Dallas County, Texas.

2.      Scottsdale is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, Texas Department of Insurance, at P. O. Box 149104, Austin, TX 78714-9104. The Texas Department of Insurance should then forward the citation to Scottsdale Insurance Company, via certified mail, to 8877 North Gainey Center Drive, Scottsdale, AZ 85258.

### II.
### DISCOVERY

3.      This case is intended to be governed by Discovery Level 2.

1

### III.
### CLAIM FOR RELIEF

4.      The damages sought are within the jurisdictional limits of this court.  Plaintiff currently seeks monetary relief over $200,000, but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

### IV.
### JURISDICTION AND VENUE

5.      This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

6.      Venue is proper in Dallas County because all or a substantial part of the events or omissions giving rise to the claim occurred in Dallas County. TEX. CIV. PRAC & REM CODE § 15.002(a)(1). In particular, the loss at issue occurred in Dallas County.

### V.
### FACTUAL BACKGROUND

7.      Mr. Dodd is a named insured under a property insurance policy issued by Scottsdale.

8.      On or about October 23, 2015 a storm hit the Dallas, Texas area, damaging Mr. Dodd's office building and other property.  Mr. Dodd subsequently filed a claim on his insurance policy.

9.      Defendant improperly denied and/or underpaid the claim.

10.      The adjuster assigned to the claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection.

11.      This unreasonable investigation led to the underpayment of Plaintiff's claim.

2

12.    Moreover, Scottsdale performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI.
## CAUSES OF ACTION

13.    Each of the foregoing paragraphs is incorporated by reference in the following:

### A.    Breach of Contract

14.    Scottsdale had a contract of insurance with Plaintiff.  Scottsdale breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

### B.    Prompt Payment of Claims Statute

15.    The failure of Scottsdale to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

16.    Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

### C.    Bad Faith/Deceptive Trade Practices Act ("DTPA")

17.    Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

18.    Defendant violated Section 541.051 of the Texas Insurance Code by:

(1)    making statements misrepresenting the terms and/or benefits of the policy.

19.    Defendant violated Section 541.060 by:

(1)    misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

3

(2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4) failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

20. Defendant violated Section 541.061 by:

(1) making an untrue statement of material fact;

(2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4) making a material misstatement of law; and

(5) failing to disclose a matter required by law to be disclosed.

21. At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

22. Defendant has violated the Texas DTPA in the following respects:

4

    (1)    Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

    (2)    Scottsdale failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

    (3)    Scottsdale, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by Section 17.50(a)(1)(3) of the DTPA in that Scottsdale took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

23.    Defendant knowingly committed the acts complained of.  As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

**D.    Attorneys' Fees**

24.    Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

25.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because he is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

26.     Plaintiff further prays that he be awarded all reasonable attorneys' fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## VII.
## CONDITIONS PRECEDENT

27.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

## VIII.
## DISCOVERY REQUESTS

28.     Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

29.     You are also requested to respond to the attached interrogatories, requests for production, and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, John Dodd prays that, upon final hearing of the case, he recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Mr. Dodd be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and

further relief, general or special, at law or in equity, to which Mr. Dodd may show himself to be justly entitled.

Respectfully submitted,

**DALY & BLACK, P.C.**

By: ___/s/ Sheldon Wayne_____
    Richard D. Daly
    TBA No. 00796429
    rdaly@dalyblack.com
    ecfs@dalyblack.com
    Sheldon Wayne
    TBA No. 24098581
    swayne@dalyblack.com
    2211 Norfolk St., Suite 800
    Houston, Texas 77098
    713.655.1405—Telephone
    713.655.1587—Fax

**ATTORNEYS FOR PLAINTIFF
JOHN DODD**

FILED
DALLAS COUNTY
10/31/2016 8:38:51 AM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-16-11813

| | | |
|---|---|---|
| JOHN DODD | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | DALLAS COUNTY, TEXAS |
| | § | |
| SCOTTSDALE INSURANCE | § | |
| COMPANY | § | |
| | § | |
| Defendant. | § | 162nd JUDICIAL DISTRICT |

**DEFENDANT SCOTTSDALE INSURANCE COMPANY'S
ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, SCOTTSDALE INSURANCE COMPANY, Defendant in the above styled and numbered cause, and file this, its Original Answer to the Plaintiff's Original Petition and in support thereof, would respectfully represent and show unto the Court the following:

**I.
GENERAL DENIAL**

1.    Subject to and expressly without waiving any conditions, terms, or policy defenses, Defendant asserts a general denial to the material allegations contained in Plaintiff's Original Petition or latest amended Petition as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and demands Plaintiff be required to prove Plaintiff's charges and allegations against Defendant by a preponderance of the evidence as is required by the Constitution and laws of the State of Texas, as well as substantive and procedural laws of the United States, or otherwise, as may be appropriate.

DEFENDANT SCOTTSDALE INSURANCE COMPANY'S ORIGINAL ANSWER-PAGE 1

## II.
### SPECIFIC DENIALS

2.      Defendant specifically denies that it engaged in violations of the Texas Insurance Code or the Texas Deceptive Trade Practices Act, and further denies that it is liable for damages under those statutes or that it is liable for exemplary damages.

## III.
### AFFIRMATIVE DEFENSES

3.      Further answering, Defendant asserts with respect to Plaintiff's claim or any potential claim for punitive damages, any award of punitive damages must be limited to the greater of:  (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) two times the amount of economic damages plus $200,000, pursuant to the statutory mandates of Texas Civil Practice & Remedies Code §41.002-41.009, including the increased burden of proof.

4.      Further answering, under Texas law an insured has a duty to read an insurance policy and is charged with knowledge of its contents.  Defendant asserts that any claim which is based upon a misrepresentation, inducement, or reliance on a representation fails as a matter of law, since Plaintiff is charged with knowledge of the contents of all relevant policies at issue.

5.      Further answering, Defendant asserts there is no ambiguity in the contract as there is only one reasonable interpretation.  *Am. Mfrs. Mut. Ins. Co. v. Schaefer,* 124 S.W.3d 154, 157 (Tex. 2003).

6.      Further answering, Defendant asserts Plaintiff's damages, if any, are limited by the amount set forth in the Policy limitations provisions of the applicable Policy.

7.      Defendant would further plead there is no coverage under the policy to the extent that any material misrepresentation or omission was made by an insured in obtaining such policy.

8.      Defendant asserts all terms, conditions, provisions, limitations, requirements, and exclusions of the policy. No reference to specific terms, conditions, provisions, limitations, requirements, and exclusions of the policy in this pleading shall be interpreted to limit the generality of the foregoing or of the general provisions referenced in subsequent paragraphs. To the extent the policy provides additional rights, remedies, or options available to Defendant that are not pleaded in this answer, Defendant does not waive its right to invoke such provisions either contractually or by further pleading.

9.      Defendant further alleges Plaintiff's claim for pre-judgment interest is limited by the dates and amounts set forth in the following:

- Art. 5069-1.05 § 6, Tex. R. Civ. Stat;

- Chapter 304, Tex. Fin. Code; and

- Chapter 41, Tex. Civ. Prac. & Rem. Code

10.     By way of further answer, Defendant made no material misrepresentation to Plaintiff and no false representation to Plaintiff. Accordingly, Plaintiff's cause of action for misrepresentation must necessarily fail. Further answering, Defendant is not liable in whole or in part to Plaintiff for any damages Plaintiff may have suffered, which Defendant denies, because Defendant's actions or inactions were not a producing or proximate cause of damages, injury or loss suffered by Plaintiff.

11.     Defendant would assert that the Court should instruct the jury as to whether any recovery sought by the Plaintiff is subject to federal or state income taxes.

12.     Further answering, Defendant denies Plaintiff's claim alleging bad faith against Defendant, as a *bona fide* controversy existed and continues to exist concerning the allegedly covered loss and Plaintiffs' entitlement to insurance benefits under the Policy.  The duty of good faith and fair dealing is not breached by the existence of a *bona fide* controversy.

13.     Defendant would further show the underlying claims are not covered under the policy to the extent such claims do not seek damages within the meaning of such policy.

14.     Any coverage for the underlying claims to which Plaintiff's current Petition refers may be barred, in whole or in part, by the provisions, terms, exclusions, conditions and limitations applicable to the alleged policy.

15.     Defendant *reserves* the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information regarding Plaintiff's claims and upon further investigation as to the provisions, terms and conditions of the policy.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final trial and hearing hereof, that no recovery be had from Defendant, but that Defendant goes hence without day and recover its costs, and for such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

**WALTERS, BALIDO & CRAIN, L.L.P.**

BY: */s/Randall G. Walters*

RANDALL G. WALTERS – 20819480
randy.walters@wbclawfirm.com
Service of Documents:
WaltersEDocsNotifications@wbclawfirm.com
Meadow Park Tower, Suite 1500
10440 North Central Expressway
Dallas, Texas 75231
214/347-8381 – FAX
214/347-8380 – DIRECT
214/749-4805 – MAIN

## CERTIFICATE OF SERVICE

This is to certify that on this 31st day of October, 2016, a copy of the above and foregoing was served on all counsel of record in accordance with the Texas Rules of Civil Procedure.

*/s/Randall G. Walters*
RANDALL G. WALTERS